## THE CARRIE.[1]

### JONES v. THE CARRIE.

*(District Court, E. D. New York. July 1, 1891.)*

MARITIME LIEN—ENFORCEMENT OF—LACHES—TRANSFER OF OWNERSHIP.
    A material-man *held* to be entitled to enforce his lien against a vessel, notwithstanding a subsequent transfer of the ownership of the boat, which the evidence did not show to be *bonâ fide*, and notwithstanding a delay of between two and three years in enforcing the lien.

In Admiralty. Suit to enforce a maritime lien.
*Alexander & Ash*, for libelant.
*D. D. McKoon*, for mortgagee.

BENEDICT, J. This is an action to enforce a lien for a material-man. It is defended by one Buckley, who claims an interest in the lighter by reason of an unpaid mortgage held by him. Buckley has set up the defense of laches, and transfer of the vessel to one Costigan since the incurring of Jones' lien. No other defense is set up. The owner of the lighter interposes no defense. So far as concerns the transfer to Costigan,

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

it is sufficient to say that the evidence does not show it to be *bona fide*, nor could it in any event avail Buckley. As to Buckley, his interest in the vessel is by way of a mortgage that attached to the lighter long prior to the claim of Jones. The case, therefore, is the same as if a prior owner of the vessel were defending upon the ground of laches. In such a case a lien will not be held lost by laches simply by reason of a delay of between two and three years in enforcing it. A decree must be entered for the libelant, with costs.